**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio SHAW, Defendant–Appellant.**

**No. 01–4266.**

United States Court of Appeals, Seventh Circuit.

Argued April 10, 2002.

Decided July 8, 2002.

Before RIPPLE, MANION, and ROVNER, Circuit Judges.

## ORDER

Antonio Shaw pleaded guilty to two counts of cocaine distribution but objected to the district court's calculation of his sentence. The court based his sentence on a relevant conduct determination that his crime involved between 15 and 50 kilograms of cocaine, and that Shaw was a leader and organizer of criminal activity. The district court also refused to reduce his sentencing level for acceptance of responsibility due to his objections. Shaw appeals his sentence. We affirm.

### I. Background

On January 4, 2001, Antonio Shaw was charged in a two-count indictment for distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), after selling an ounce of cocaine to a confidential informant on two occasions. Shaw and his co-defendant Yvette Collins were subsequently arrested and, on May 18, 2001, Shaw pleaded guilty to both counts of the indictment.

As part of the presentence investigation, the probation office determined that Shaw was responsible for distributing between 15 and 50 kilograms of cocaine as relevant conduct to the offenses of conviction. The relevant conduct determination was based on statements by Yvette Collins and Anthony Cistrunk, both of whom were involved in the distribution of cocaine. The probation office further concluded that Shaw should receive a two-level enhancement under U.S.S.G. § 3B1.1(c) because he acted as an organizer, manager, or supervisor of Collins. Finally, the probation office concluded, at that time, that Shaw should receive a three-level reduction in his offense level for acceptance of responsibility because he had pleaded guilty.

Shaw made several objections to the presentence report (PSR) relating to the credibility of Collins and Cistrunk and the

drug quantity calculation. The government objected to the probation officer's recommendation for the three-level reduction based on Shaw's acceptance of responsibility because they alleged that Shaw had falsely denied the relevant conduct used to calculate his offense level in the PSR. At Shaw's sentencing hearing, the government presented the testimony of George Williams and Yvette Collins. Williams testified that at least two times per month, from February 2000 to August 2000, he fronted at least one kilogram of cocaine to Shaw, for a total of between 20 and 25 kilograms since 1998. Collins corroborated this testimony and also testified that Shaw had directed her drug distribution activities. In addition Collins agreed for the purposes of determining her sentence that she was involved in drug transactions that were in excess of 15 kilograms. The district court concluded that Shaw was responsible for 23.5 kilograms of cocaine in relevant conduct, that he acted as a manager or supervisor of criminal activity, and that he was not entitled to an acceptance of responsibility reduction.

Based on these conclusions, the district court set Shaw's offense level at 36 and his criminal history category at IV, giving him a sentencing range of 262–327 months' imprisonment. The district court sentenced Shaw to 300 months on each of the two counts in the indictment, to run concurrently, six years of supervised release on each of the two counts, to run concurrently, and a $200 special assessment. Shaw appeals.

## II. Discussion

On appeal, Shaw raises three arguments relating to his sentence. He first argues that the district court erred in calculating the drug quantity attributable to him as relevant conduct. Next, he argues that the district court erred in imposing a two-

level enhancement under U.S.S.G. § 3B1.1(c) for his role in the offense. In support of both of these arguments, Shaw claims that the testimony of Williams and Collins presented at the sentencing hearing was unreliable. Finally, he argues that the district court erred in not allowing a reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 because he pleaded guilty to the charged offense. We address each of these arguments in turn.

■ In determining a drug offender's base offense level, a district court considers quantities of drugs specified in the count of conviction and as well quantities that were part of the same course of conduct or common scheme or plan as the offense of conviction. See U.S.S.G. § 1B1.3(a)(2); *United States v. Huerta*, 239 F.3d 865, 875 (7th Cir.2001). In this case the district court found that Shaw was responsible for the distribution of 23.5 kilograms of cocaine in relevant conduct. Under the guidelines an amount of cocaine between 15 and 50 kilograms of cocaine results in a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3). A district court's calculation of the quantity of drugs involved in an offense and relevant conduct is a finding of fact subject to clear error review. *Huerta*, 239 F.3d at 875; *United States v. Hamzat*, 217 F.3d 494, 499 (7th Cir.2000). A reviewing court may reverse a factual finding under this standard only when it is left with a "definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Ewing*, 129 F.3d 430, 433–34 (7th Cir.1997). At a sentencing hearing, the government bears the burden of proving the quantity of drugs attributable to a defendant by a preponderance of the evidence. *United*

*States v. Beler,* 20 F.3d 1428, 1431 (7th Cir.1994).

Information relied upon by district court for purposes of determining relevant conduct at sentencing need not be proven beyond a reasonable doubt, and "sentencing courts may consider a wide range of information, including hearsay, so long as it bears 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Martinez,* 289 F.3d 1023, 1027 (7th Cir.2002) (citing *United States v. Taylor,* 72 F.3d 533, 543 (7th Cir.1995)). In this case, the district court relied on the testimony of Williams and Collins at sentencing which established that from July 1998 to at least December 2000, Shaw was involved in the acquisition and distribution of amounts of cocaine in excess of 15 kilograms. Specifically, Williams testified to witnessing transactions involving Shaw between 1998 and 1999 that amounted to a minimum of 2 kilograms of cocaine. Additionally, Williams testified that he was personally involved in cocaine transactions with Shaw that amounted to a minimum of 21.5 kilograms from 1999 through 2001. Collins corroborated this testimony by stating that Williams was one of Shaw's drug sources. She also testified that she was personally directed by Shaw to make dozens of trips to Chicago to obtain cocaine for Shaw from other sources. Additionally, Collins did not dispute her own PSR which stated that she was responsible for cocaine distribution in an amount in excess of 15 kilograms as relevant conduct. The district court found that the testimony of Williams and Collins was credible and thus concluded that Shaw was responsible for 23.5 kilograms of cocaine.

We accord substantial deference to findings based on credibility, which are almost never clear error. *See, e.g., United States v. Hickok,* 77 F.3d 992, 1007 (7th Cir.1996). However, Shaw challenges Yvette Collins' and George Williams' credibility and claims that their testimony does not contain the "sufficient indicia of reliability to support its probable accuracy" as required for the government to meet its burden of proving the quantity of drugs. He argues that George Williams gave different versions of the amounts of cocaine he delivered to Shaw at different times and the amounts kept getting higher every time he was interviewed or testified. Shaw also argues that Williams' reason for testifying was to get time off his own sentence. He also claims that Yvette Collins' sole interest in implicating him was to reduce her sentence. Shaw cites a letter written to him by Collins while he was in prison on August 27, 2001, stating, "I did something I am not proud of, thinking it was going to help me but in-turn it made things worst. I was scared and didn't know what to do, they tricked me into thinking it was one thing and it was another." Finally, he argues that because Collins was also a victim of two batteries against her by Shaw, her testimony was unreliable.

The district court considered these arguments and concluded that, notwithstanding these deficiencies, "there is enough consistency in their testimony and the fact that Ms. Collins was going to be personally sentenced based on the amount attributable to her gives additional credibility to her estimated [sic] and statements." Under the clear error standard, this court "defer[s] to the sentencing court's credibility determinations because the presiding judge while listening to the witnesses' testimony is in the best position to observe, weigh, and evaluate a witness' verbal as well as nonverbal behavior." *United States v. Pitz,* 2 F.3d 723, 727 (7th Cir. 1993). This is exactly the kind of credibility determinations that district court judges are particularly suited to make. Shaw's conclusory assertions that Williams and Collins were unreliable do not estab-

lish that the district court's credibility determinations were clearly erroneous. Therefore we conclude that the district court did not err in holding that Shaw was responsible for 23.5 kilograms of cocaine as relevant conduct.

■ Next, Shaw argues that the district court clearly erred in imposing a two-level enhancement for his role as an organizer in the offense under U.S.S.G. § 3B1. Section § 3B1.1(c) provides for a two-level enhancement to a defendant's offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" that did not involve five or more participants or was not otherwise extensive. "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants" in the offense. U.S.S.G. § 3B1.1, comment. (n.2). To determine whether an adjustment is appropriate a sentencing judge must consider the following factors: (1) exercise of decision-making authority; (2) nature of participation in the commission of the offense; (3) recruitment of accomplices; (4) claimed right to a larger share of the fruits of the crime; (5) degree of participation in planning or organizing the offense; (6) nature and scope of the illegal activity; and (7) degree of control and authority exercised over others. U.S.S.G. § 3B1.1, comment. n. 4; *United States v. Noble*, 246 F.3d 946, 953 (7th Cir.2001). "[S]ection 3B1.1(c) does not require an explicit finding that the defendant exercised control, so long as the criminal activity involve[d] more than one participant and the defendant played a coordinating or organizing role." *United States v. Carrera*, 259 F.3d 818, 827 (7th Cir.2001) (citing *United States v. Bush*, 79 F.3d 64, 67 (7th Cir.1996)).

In finding that Shaw was an organizer or leader, the district court relied on the testimony of Williams and Collins. Both Williams and Collins testified that Shaw directed Collins in the distribution of cocaine. Collins also testified that Shaw made the arrangements for her trips to Chicago, and that he provided the money for her purchases of cocaine from his sources in Chicago. She also testified that Shaw received the profits from the sale of cocaine and that he in turn would provide Collins with money. Shaw argues again that Collins' testimony is unreliable However, the district court observed the testimony of Williams and Collins and found their testimony to be credible. In any event, Williams did not have any special incentive to testify as to Collins' and Shaw's relationship and his testimony corroborated Collins' testimony. Under the circumstances, we find that the district court did not commit clear error in concluding that there was "no basis to support [an] objection" to the role enhancement.

■ Finally, Shaw argues that the district court clearly erred in finding that he was not entitled to a reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. Section 3E1.1 provides that a defendant may receive up to a three-level reduction to his offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1; *see also, United States v. Purchess*, 107 F.3d 1261, 1266 (7th Cir.1997). We review a district court's refusal to grant a reduction for acceptance of responsibility for clear error. *See id.* at 1266. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, and thus the judge's determination is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Camargo*, 908 F.2d 179, 185 (7th Cir.1990) (citations omitted). Unlike drug quantity determinations

for relevant conduct, *supra*, the defendant has the burden of clearly demonstrating, by a preponderance of the evidence, that he merits a reduction for acceptance of responsibility. *See United States v. Akindele*, 84 F.3d 948, 956 (7th Cir.1996).

In this case, the district court denied Shaw a reduction in sentence under § 3E1.1 finding that he had acted in a manner inconsistent with acceptance of responsibility by falsely denying and frivolously contesting the drug-quantity calculation. The district court also concluded that Shaw had falsely denied his role as supervisor and had attempted to influence the testimony of Williams. Based on these findings, the district court concluded that an acceptance of responsibility reduction was not warranted. Shaw contends that he timely pleaded guilty to the offense and only contested his sentence because it was based on 15 kilograms of cocaine when he had pleaded guilty to conduct involving 55 grams. Additionally, he again argues that Williams' testimony is unreliable and should not have been considered by the district court when determining whether his objections were frivolous or if he had attempted to influence Williams' testimony.

"The mere fact that a defendant enters into a plea agreement is insufficient under the guidelines and case law to entitle him to a downward adjustment; rather, the defendant has the burden of demonstrating that he has actually accepted responsibility for his actions." *United States v. Taliaferro*, 211 F.3d 412, 414 (7th Cir. 2000). Although a defendant is not required to volunteer information concerning other relevant conduct and may remain silent as to such conduct, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."

U.S.S.G. § 3E1.1, comment. (n.1(a)); *see also Taliaferro*, 211 F.3d at 414. We have observed that "contesting the veracity of the alleged conduct is no doubt permissible and often perfectly appropriate." *Akindele*, 84 F.3d at 957 (citations omitted). *See also United States v. Eschman*, 227 F.3d 886, 891 (7th Cir.2000) (holding that a defendant may contest drug quantity calculation without the court denying him acceptance of responsibility). But we have also "long held[, however,] that a defendant does not demonstrate sufficient acceptance of responsibility when he ... frivolously contests or falsely denies relevant conduct." *Taliaferro*, 211 F.3d at 414.

Based on the record, we conclude that the district court did not commit clear error in concluding that Shaw should not receive a reduction for acceptance of responsibility. Shaw contested the amount of cocaine his crime involved as relevant conduct as determined in the PSR despite the fact that Collins, Williams and Cistrunk provided information supporting a drug quantity of more than 15 kilograms of cocaine. Additionally, Shaw's accomplice Collins had already accepted responsibility for being involved in cocaine transactions that amounted to more than 15 kilograms of cocaine. Shaw continued to advance his claims even after several invitations to withdraw them during the case. He had an opportunity to interview Williams and confirm that the relevant conduct amount was accurate. In addition, Williams testified that while both he and Shaw were in prison awaiting sentencing, Shaw asked him to testify that he provided Shaw with smaller amounts of cocaine than were actually involved in their activity. These are not the actions of a man who has truly accepted responsibility for his actions and consequently, we conclude that the trial court did not clearly err in ruling that Shaw was not entitled to

a reduction for acceptance of responsibility.

### III.  Conclusion

The district court did not clearly err in determining Shaw's sentence based on the quantity of drugs involved in his offense as relevant conduct or determining his role as an organizer under U.S.S.G. § 3B1.1(c). The district court also did not commit clear error by concluding Shaw had not accepted responsibility for his crime. Therefore we AFFIRM.